**DORSEY & WHITNEY LLP**
2325 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602.735.2700

W. SCOTT JENKINS, JR.
Arizona State Bar No. 021841
SETH T. GOERTZ
Arizona State Bar No. 031645
BRITTANY M. GILBERTSON
Arizona State Bar No. 032641
JULIANA LAURIA
Arizona State Bar No. 037137

Email:   Jenkins.Scott@dorsey.com
         Goertz.Seth@dorsey.com
         Gilbertson.Brittany@dorsey.com
         Lauria.Juliana@dorsey.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carolina M. Lopez, an individual; and Charles Kirkland, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>State Bankshares, Inc., a North Dakota corporation; Bell Bank, a North Dakota corporation; James M. Dufresne and Jillian L. Dufresne, husband and wife; and Benjamin Allen and Caroline Allen, husband and wife,<br><br>Defendants. | No. CV-25-02808-PHX-SHD<br><br>**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT** |

Defendants State Bankshares, Inc., Bell Bank, James M. Dufresne, Jillian L. Dufresne, Benjamin Allen, and Caroline Allen (together, "Defendants") hereby file this Answer to the Third Amended Complaint (the "TAC") filed by Plaintiffs Carolina M. Lopez and Charles Kirkland (jointly, "Plaintiffs") and state as follows:

**PARTIES**

1. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 1 of the TAC and therefore deny the same.

2. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 2 of the TAC and therefore deny the same.

3. Defendants admit the allegations in Paragraph 3 of the TAC.

4. Defendants admit the allegations in Paragraph 4 of the TAC.

5. Responding to Paragraph 5 of the TAC, Defendants admit that James M. Dufresne is a Senior Vice President and Senior Wealth Management Advisor for Bell Bank. Defendants deny the remaining allegations in Paragraph 5 of the TAC.

6. Responding to Paragraph 6 of the TAC, Defendants admit that Jillian L. Dufresne is the wife of James Dufresne. Defendants deny the remaining allegations in Paragraph 6 of the TAC.

7. Defendants admit the allegations in Paragraph 7 of the TAC.

8. Defendants admit the allegations in Paragraph 8 of the TAC.

9. Defendants admit the allegations in Paragraph 9 of the TAC.

**JURISDICTION AND VENUE**

10. Defendants admit the allegations in Paragraph 10 of the TAC.

**GENERAL ALLEGATIONS**

11. Responding to Paragraph 11 of the TAC, Defendants admit that on January 24, 2023, Carolina and Charles entered into an Executive Line of Credit, Loan No. 59000245 (the "LOC"). Defendants deny the remaining allegations in Paragraph 11 of the TAC.

12. Responding to Paragraph 12 of the TAC, Defendants admit that the LOC had a credit limit of $20,000,000. Defendants deny the remaining allegations in Paragraph 12 of the TAC.

13. Defendants admit the allegations in Paragraph 13 of the TAC.

14. Defendants admit the allegations in Paragraph 14 of the TAC.

1   15.  Defendants admit the allegations in Paragraph 15 of the TAC.

2   16.  Defendants admit the allegations in Paragraph 16 of the TAC.

3   17.  Defendants deny the allegations in Paragraph 17 of the TAC.

4   18.  Responding to Paragraph 18 of the TAC, Defendants admit that, on February 3, 2023, Bell Bank advised that it was accelerating the indebtedness and advised it was selling the property in the Securities Account to collect the balance due on the LOC. Defendants deny the remaining allegations in Paragraph 18 of the TAC.

19.  Defendants admit the allegations in Paragraph 19 of the TAC.

20.  Defendants deny the allegations in Paragraph 20 of the TAC.

21.  Defendants deny the allegations in Paragraph 21 of the TAC.

22.  Defendants deny the allegations in Paragraph 22 of the TAC.

23.  Responding to Paragraph 23 of the TAC, Defendants admit that Dufresne carried out the liquidation of the securities in the Securities Account. Defendants deny the remaining allegations in Paragraph 23 of the TAC.

24.  Defendants deny the allegations in Paragraph 24 of the TAC.

25.  Defendants lack sufficient knowledge or information to answer the allegations in Paragraph 25 of the TAC and therefore deny the same.

26.  Defendants admit the allegations in Paragraph 26 of the TAC.

27.  Defendants admit the allegations in Paragraph 27 of the TAC.

28.  Defendants deny the allegations in Paragraph 28 of the TAC.

29.  Defendants deny the allegations in Paragraph 29 of the TAC.

30.  Defendants admit the allegations in Paragraph 30 of the TAC.

31.  Defendants lack sufficient knowledge or information to answer the allegations in Paragraph 31 of the TAC and therefore deny the same.

32.  Defendants lack sufficient knowledge or information to answer the allegations in Paragraph 32 of the TAC and therefore deny the same.

33.  Defendants lack sufficient knowledge or information to answer the allegations in Paragraph 33 of the TAC and therefore deny the same.

34. Responding to Paragraph 34 of the TAC, Defendants admit that Dufresne acted as an investment advisor to Plaintiffs. Defendants deny the remaining allegations in Paragraph 34 of the TAC.

35. Responding to Paragraph 35 of the TAC, Defendants admit that Bell Bank held itself out as a fiduciary only with respect to its wealth management and investment services but deny that Bell Bank held itself out as a fiduciary in any other capacity. Defendants deny the remaining allegations in Paragraph 35 of the TAC.

36. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 36 of the TAC and therefore deny the same.

37. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 37 of the TAC and therefore deny the same.

38. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 38 of the TAC and therefore deny the same.

39. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 39 of the TAC and therefore deny the same.

40. Defendants deny the allegations in Paragraph 40 of the TAC.

41. Defendants deny the allegations in Paragraph 41 of the TAC.

42. Responding to Paragraph 42 of the TAC, Defendants admit that Dufresne helped Plaintiffs manage their wealth and provided financial planning. Defendants deny the remaining allegations in Paragraph 42 of the TAC.

43. Responding to Paragraph 43 of the TAC, Defendants admit that on February 3, 2023, the Securities Account had in excess of $1,000,000 in cash and cash equivalents. Defendants further admit that the Security Agreement between Plaintiffs and Bell Bank authorized, but did not require, Bell Bank to apply cash in Plaintiffs' Securities Account to satisfy the LOC indebtedness. Defendants deny the remaining allegations in Paragraph 43 of the TAC.

44. Responding to Paragraph 44 of the TAC, Defendants admit that, on February 3, 2023, Bell Bank, through Dufresne, sold securities from the Securities Account. Defendants deny the remaining allegations in Paragraph 44 of the TAC.

45. Responding to Paragraph 45 of the TAC, Defendants admit Bell Bank did not apply the entire balance of cash and cash equivalents to the indebtedness. Defendants deny the remaining allegations in Paragraph 45 of the TAC.

46. Defendants deny the allegations in Paragraph 46 of the TAC.

47. Defendants deny the allegations in Paragraph 47 of the TAC.

48. Defendants deny the allegations in Paragraph 48 of the TAC.

49. Defendants deny the allegations in Paragraph 49 of the TAC.

50. Defendants deny the allegations in Paragraph 50 of the TAC.

51. Defendants admit the allegations in Paragraph 51 of the TAC.

52. Defendants deny the allegations in Paragraph 52 of the TAC.

53. Defendants lack sufficient knowledge or information to answer the allegations in Paragraph 53 of the TAC and therefore deny the same.

54. Defendants deny the allegations in Paragraph 54 of the TAC.

55. Responding to Paragraph 55 of the TAC, Defendants admit that Dufresne and Allen were employees of Bell Bank. Defendants further admit that Dufresne directed the liquidation of the Securities Account and that Allen directed the closing of the LOC account. Defendants deny the remaining allegations in Paragraph 55 of the TAC.

**PREFERRED STOCK IN STATE BANKSHARES, INC.**

56. Responding to Paragraph 56 of the TAC, Defendants admit that on November 29, 2022, Plaintiffs signed a Conflict of Interest Waiver related to Plaintiffs' purchase of Preferred Stock in Bankshares, Bell Bank's parent company. Defendants deny the remaining allegations in Paragraph 56 of the TAC.

57. Responding to Paragraph 56 of the TAC, Defendants admit that, pursuant to the Conflict of Interest Waiver signed by Plaintiffs on November 29, 2022, Plaintiffs acknowledged that they had made their own independent decision as to whether the

purchase of Bankshares preferred stock was appropriate for their investment portfolio and current financial situation. Defendants deny the remaining allegations in Paragraph 57 of the TAC.

58. Defendants deny the allegations in Paragraph 58 of the TAC.

59. Defendants admit the allegations in Paragraph 59 of the TAC.

60. Defendants admit the allegations in Paragraph 60 of the TAC.

61. Defendants deny the allegations in Paragraph 61 of the TAC.

62. Responding to Paragraph 62 of the TAC, Defendants lack sufficient knowledge or information to respond with regard to the quoted phrase stated therein and therefore deny the same. Defendants deny the remaining allegations in Paragraph 62 of the TAC.

63. Defendants deny the allegations in Paragraph 63 of the TAC.

64. Defendants deny the allegations in Paragraph 64 of the TAC.

65. Responding to Paragraph 65 of the TAC, Defendants admit the Preferred Stock Certificate states the securities are "transferable on the books and records of the Company, in person or by a duly authorized attorney, upon surrender of this certificate duly endorsed and in proper form for transfer." Defendants deny the remaining allegations in Paragraph 65 of the TAC.

66. Responding to Paragraph 66, Defendants admit that on February 17, 2025, Plaintiffs' counsel sent an Assignment of Stock to Bell Bank's counsel. Defendants deny the remaining allegations in Paragraph 66 of the TAC.

67. Defendants deny the allegations in Paragraph 67 of the TAC.

68. Responding to Paragraph 68 of the TAC, Defendants admit Plaintiffs' Bankshares Preferred Stock may be assigned without Bell Bank's consent. Defendants deny the remaining allegations in Paragraph 68 of the TAC.

69. Defendants deny the allegations in Paragraph 69 of the TAC.

70. Defendants deny the allegations in Paragraph 70 of the TAC.

71. Defendants deny the allegations in Paragraph 71 of the TAC.

72. Responding to Paragraph 72 of the TAC, Defendants admit that as of March 27, 2025, Bankshares had not recorded in its records a transfer of the Preferred Stock from Charles to Carolina. Defendants deny the remaining allegations in Paragraph 72 of the TAC.

73. Defendants deny the allegations in Paragraph 73 of the TAC.

74. Responding to Paragraph 74 of the TAC, Defendants admit Bell Bank acknowledged that certain checks sent to Plaintiffs were not cashed. Defendants deny the remaining allegations in Paragraph 74 of the TAC.

75. Defendants deny the allegations in Paragraph 75 of the TAC.

76. Defendants deny the allegations in Paragraph 76 of the TAC.

77. Defendants deny the allegations in Paragraph 77 of the TAC.

78. Defendants deny the allegations in Paragraph 78 of the TAC.

79. Defendants deny the allegations in Paragraph 79 of the TAC.

80. Defendants deny the allegations in Paragraph 80 of the TAC.

81. Defendants deny the allegations in Paragraph 81 of the TAC.

82. Defendants deny the allegations in Paragraph 82 of the TAC.

83. Defendants deny the allegations in Paragraph 83 of the TAC.

## **BEACON PARTNERS FUND II, LP INVESTMENT**

84. Responding to Paragraph 84 of the TAC, Defendants admit that on September 27, 2022, Plaintiffs signed a "Letter of Direction" authorizing and directing Bell Bank to purchase $200,000 of limited partnership interests in Beacon Partners Fund II, LP. Defendants deny the remaining allegations in Paragraph 84 of the TAC.

85. Responding to Paragraph 85 of the TAC, Defendants admit that one of the Letters of Direction Plaintiffs signed on September 27, 2022 states, "I acknowledge and agree that Bell Bank has not provided me with tax, legal, or investment advice with respect to the LP Interests or their purchase in my Investment Management Agency account at Bell Bank." Defendants deny the remaining allegations in Paragraph 85 of the TAC.

86. Defendants deny the allegations in Paragraph 86 of the TAC.

87. Defendants admit the allegations in Paragraph 87 of the TAC.

88. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 88 of the TAC and therefore deny the same.

89. Responding to Paragraph 89 of the TAC, Defendants admit that on November 17, 2022, Plaintiffs signed another Letter of Direction that included investments in the Preferred Stock and Beacon Fund. Defendants deny the remaining allegations in Paragraph 89 of the TAC.

90. Responding to Paragraph 90 of the TAC, Defendants admit Plaintiffs invested $1 million in Beacon Fund. Defendants deny the remaining allegations in Paragraph 90 of the TAC.

91. Defendants deny the allegations in Paragraph 91 of the TAC.

92. Responding to Paragraph 92 of the TAC, Defendants admit Plaintiffs received payments from Beacon Fund. Defendants deny the remaining allegations in Paragraph 92 of the TAC.

93. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 93 of the TAC and therefore deny the same.

94. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 94 of the TAC and therefore deny the same.

95. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 95 of the TAC and therefore deny the same.

96. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 96 of the TAC and therefore deny the same.

97. Defendants deny the allegations in Paragraph 97 of the TAC.

98. Defendants deny the allegations in Paragraph 98 of the TAC.

## COUNT ONE – BREACH OF CONTRACT
### (Against Bell Bank Only)

99. Defendants hereby incorporate their responses to all previous paragraphs as though fully set forth herein.

100. Bell Bank admits the allegations in Paragraph 100 of the TAC.

101. Bell Bank admits the allegations in Paragraph 101 of the TAC.

102. Bell Bank denies the allegations in Paragraph 102 of the TAC.

103. Bell Bank denies the allegations in Paragraph 103 of the TAC.

104. Paragraph 104 of the TAC consists of legal conclusions to which no response is required. To the extent a response is deemed required, Bell Bank lacks sufficient knowledge and information to answer the allegations in Paragraph 104 of the TAC and therefore denies the same.

105. Bell Bank denies the allegations in Paragraph 105 of the TAC.

106. Bell Bank denies the allegations in Paragraph 106 of the TAC.

107. Bell Bank denies the allegations in Paragraph 107 of the TAC.

108. Bell Bank denies the allegations in Paragraph 108 of the TAC.

109. Bell Bank denies the allegations in Paragraph 109 of the TAC.

110. Bell Bank denies the allegations in Paragraph 110 of the TAC.

111. Bell Bank denies the allegations in Paragraph 111 of the TAC.

112. Bell Bank denies the allegations in Paragraph 112 of the TAC.

## COUNT TWO – BREACH OF FIDUCIARY DUTY

**(Against Defendants Bell Bank, Dufresne, and Allen)**

113. Defendants hereby incorporate their responses to all previous paragraphs as though fully set forth herein.

114. Responding to Paragraph 114 of the TAC, Defendants admit that Bell Bank accepted custody and control of the assets in the Securities Account. Defendants deny the remaining allegations in Paragraph 114 of the TAC.

115. Responding to Paragraph 115 of the TAC, Defendants admit that Bell Bank and its wealth advisors provided investment advice and financial planning to Plaintiffs. Defendants further admit that Bell Bank held itself out as a fiduciary in respect to its wealth management and investment services but deny that Bell Bank held itself out as a fiduciary in any other capacity. Defendants deny the remaining allegations in Paragraph 115 of the TAC.

116. Responding to Paragraph 116 of the TAC, Defendants deny that Allen was placed in a position of trust and confidence with respect to the valuable assets in the Securities Account. Defendants lack sufficient knowledge and information to answer the remaining allegations in Paragraph 116 of the TAC and therefore deny the same.

117. Defendants deny the allegations in Paragraph 117 of the TAC.

118. Defendants deny the allegations in Paragraph 118 of the TAC.

119. Defendants deny the allegations in Paragraph 119 of the TAC.

120. Defendants deny the allegations in Paragraph 120 of the TAC.

121. Defendants deny the allegations in Paragraph 121 of the TAC.

122. Defendants deny the allegations in Paragraph 122 of the TAC.

123. Defendants deny the allegations in Paragraph 123 of the TAC.

124. Defendants deny the allegations in Paragraph 124 of the TAC.

125. Defendants deny the allegations in Paragraph 125 of the TAC.

## COUNT THREE – NEGLIGENCE

**(Against Bell Bank, Dufresne, and Allen)**

126. Defendants hereby incorporate their responses to all previous paragraphs as though fully set forth herein.

127. Defendants deny the allegations in Paragraph 127 of the TAC.

128. Defendants deny the allegations in Paragraph 128 of the TAC.

129. Defendants deny the allegations in Paragraph 129 of the TAC.

130. Defendants deny the allegations in Paragraph 130 of the TAC.

131. Defendants deny the allegations in Paragraph 131 of the TAC.

132. Defendants deny the allegations in Paragraph 133 of the TAC.

133. Defendants deny the allegations in Paragraph 133 of the TAC.

## COUNT FOUR – TORTIOUS BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

**(Against Bell Bank Only)**

134. Defendants hereby incorporate their responses to all previous paragraphs as though fully set forth herein.

135. Responding to Paragraph 135 of the TAC, Bell Bank admits that Paragraph 135 contains an accurate quote from the case *Rawlings v. Apodaca*, 151 Ariz. 149 (1986). Bell Bank denies the remaining allegations in Paragraph 135 of the TAC.

136. Bell Bank denies the allegations in Paragraph 136 of the TAC.

137. Bell Bank denies the allegations in Paragraph 137 of the TAC.

138. Bell Bank denies the allegations in Paragraph 138 of the TAC.

139. Bell Bank denies the allegations in Paragraph 139 of the TAC.

140. Bell Bank denies the allegations in Paragraph 140 of the TAC.

141. Bell Bank denies the allegations in Paragraph 141 of the TAC.

142. Bell Bank denies the allegations in Paragraph 142 of the TAC.

143. Bell Bank denies the allegations in Paragraph 143 of the TAC.

## COUNT FIVE – BAD FAITH BREACH OF CONTRACT, PREFERRED STOCK

**(Against State Bankshares, Inc.)**

144. Defendants hereby incorporate their responses to all previous paragraphs as though fully set forth herein.

145. Bankshares denies the allegations in Paragraph 145 of the TAC.

146. Bankshares denies the allegations in Paragraph 146 of the TAC.

147. Bankshares denies the allegations in Paragraph 147 of the TAC.

148. Bankshares denies the allegations in Paragraph 148 of the TAC.

149. Bankshares denies the allegations in Paragraph 149 of the TAC.

150. Bankshares denies the allegations in Paragraph 150 of the TAC.

151. Bankshares denies the allegations in Paragraph 151 of the TAC.

152. Bankshares denies the allegations in Paragraph 152 of the TAC.

153. Bankshares denies the allegations in Paragraph 153 of the TAC.

**COUNT SIX – BREACH OF FIDUCIARY DUTIES – PREFERRED STOCK AND BEACON FUNDS SECURITIES**

**(Against Dufresne, Bell Bank, and Bankshares)**

154. Defendants hereby incorporate their responses to all previous paragraphs as though fully set forth herein.

155. Defendants deny the allegations in Paragraph 155 of the TAC.

156. Defendants deny the allegations in Paragraph 156 of the TAC.

157. Defendants deny the allegations in Paragraph 157 of the TAC.

158. Defendants deny the allegations in Paragraph 158 of the TAC.

159. Defendants deny the allegations in Paragraph 159 of the TAC.

160. Defendants deny the allegations in Paragraph 160 of the TAC.

161. Defendants deny the allegations in Paragraph 161 of the TAC.

162. Defendants deny the allegations in Paragraph 162 of the TAC.

163. Defendants deny the allegations in Paragraph 163 of the TAC.

164. Defendants deny the allegations in Paragraph 164 of the TAC.

165. Defendants deny the allegations in Paragraph 165 of the TAC.

166. Defendants deny the allegations in Paragraph 166 of the TAC.

167. Defendants deny the allegations in Paragraph 167 of the TAC.

168. Defendants deny the allegations in Paragraph 168 of the TAC.

169. Defendants deny the allegations in Paragraph 169 of the TAC.

170. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 170 of the TAC and therefore deny the same.

171. Defendants deny the allegations in Paragraph 171 of the TAC.

**COUNT SEVEN – DECLARATORY RELIEF**

172. Defendants hereby incorporate their responses to all previous paragraphs as though fully set forth herein.

173. Responding to Paragraph 173 of the TAC, Defendants admit that on February 17, 2025, Plaintiffs' counsel sent an Assignment of Stock to Defendants' counsel. Defendants deny the remaining allegations in Paragraph 173 of the TAC.

174. Defendants deny the allegations in Paragraph 174 of the TAC.

175. Defendants deny the allegations in Paragraph 175 of the TAC.

176. Defendants deny the allegations in Paragraph 176 of the TAC.

177. Defendants deny the allegations in Paragraph 177 of the TAC.

178. Defendants lack sufficient knowledge and information to answer the allegations in Paragraph 178 of the TAC and therefore deny the same.

## COUNT EIGHT – VIOLATION OF A.R.S. 44-3241, FRAUD IN THE PROVISION OF INVESTMENT ADVISORY SERVICES

**(Against Dufresne, Allen, Bell Bank)**

179. Defendants hereby incorporate their responses to all previous paragraphs as though fully set forth herein.

180. Defendants deny the allegations in Paragraph 180 of the TAC.

181. Defendants deny the allegations in Paragraph 181 of the TAC.

182. Defendants deny the allegations in Paragraph 182 of the TAC.

183. Defendants deny the allegations in Paragraph 183 of the TAC.

184. Defendants deny the allegations in Paragraph 184 of the TAC.

185. Defendants deny the allegations in Paragraph 185 of the TAC.

186. Defendants deny the allegations in Paragraph 186 of the TAC.

187. Defendants deny the allegations in Paragraph 187 of the TAC.

188. Defendants deny the allegations in Paragraph 188 of the TAC.

189. Defendants deny the allegations in Paragraph 189 of the TAC.

190. Defendants deny the allegations in Paragraph 190 of the TAC.

191. Defendants deny the allegations in Paragraph 191 of the TAC.

192. Defendants deny the allegations in Paragraph 192 of the TAC.

## **AFFIRMATIVE DEFENSES**

1. By alleging matters as affirmative defenses, Defendants do not allege or admit that they bear the burden of proof with respect to any of those matters, or that such matters must be pled affirmatively as defenses.

2. The TAC fails to state a claim upon which relief can be granted.

3. Plaintiffs cannot establish some or all of the requisite elements of the claims for relief alleged in the TAC.

4. Plaintiffs have not suffered any damages.

5. Plaintiffs have breached the covenant of good faith and fair dealing.

6. Plaintiffs committed fraud in the inducement and, as a result, Defendants were entitled to rescission.

7. If there was any breach of contract, Plaintiffs breached first and as a result of Plaintiffs' breach, Defendants were excused from their remaining obligation to perform.

8. Defendants are statutorily immune from liability pursuant to 28 U.S.C. § 6332(e).

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

10. Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

11. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, laches, unclean hands, release, acquiescence, and/or other equitable doctrines.

12. Plaintiffs ratified any allegedly wrongful acts of Defendants.

13. Defendants hereby assert as affirmative defenses all affirmative defenses as specifically set forth in Rule 8(d), Federal Rules of Civil Procedure.

14. Defendants reserve the right to assert any and all affirmative defenses to which they are entitled but of which they may not yet be aware, including without limitation, those matters provided in Rules 8(d) and 12(b), Federal Rules of Civil Procedure, which are or may be applicable. Defendants further reserve the right to amend this Answer to assert such additional defenses when they become known.

**WHEREFORE**, having answered the TAC fully, Defendants respectfully request the Court enter judgment against Plaintiffs as follows:

A. Dismissing the TAC in its entirety and denying all claims for relief stated therein with prejudice;

B. For any and all costs incurred in connection with this matter as allowed by applicable Arizona law, including A.R.S. § 12-341;

C. For any and all attorneys' fees and costs pursuant to the contracts described in the TAC and allowed by applicable Arizona law, including A.R.S. § 12-341.01; and

D. Such other and further relief as deemed just and proper.

DATED this 25th day of November, 2025.

                                            DORSEY & WHITNEY LLP

                                            By:   *s/Brittany M. Gilbertson*
                                                  W. Scott Jenkins, Jr.
                                                  Seth T. Goertz
                                                  Brittany M. Gilbertson
                                                  Juliana Lauria
                                                  *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2025, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Aaron M. Finter – aaron@srflawfirm.com

Michael Robert Somers – rob@srflawfirm.com

By: _s/Ashly White_