WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolina M. Lopez, et al., | No. CV-25-02808-PHX-SHD |
| Plaintiffs, | **ORDER** |
| v. | |
| Bell Bank, et al., | |
| Defendants. | |

At issue are (1) Movant Silver Law PLC's ("Silver") Objection to Subpoena to Produce Documents, which will be construed as a motion to quash Defendants' subpoena under Federal Rule of Civil Procedure 45(d)(3)(A), (Doc. 23), to which Defendants responded, (Doc. 31),[1] and (2) a closely related discovery dispute relating to Defendants' request for production which seeks similar materials from Plaintiffs, rather than Silver directly, (Doc. 51). The parties raised this dispute, Discovery Dispute 4, at the May 14, 2026 hearing, (Doc. 46), and submitted a joint statement on May 21, 2026, (Doc. 51). For the reasons stated below, Silver's motion to quash will be **denied**, and Defendants' request in Discovery Dispute 4 will be **granted**.

**I.    Motion to Quash Subpoena**

"The party seeking to quash a subpoena bears the burden of persuasion." *Chartis*

---

[1]    Silver did not reply. On March 5, 2026, Plaintiffs filed a "Response to Defendants' Motion to Compel." (Doc. 32.) There, they argue that Defendants' Response to the Silver Objection is effectively a motion to compel, and as such, violates LRCiv 7.2(j)'s conferral requirement. (*Id.*) Because Silver's Objection is construed as a motion to quash, LRCiv 7.2(j) does not apply, and Defendants' Response is properly presented.

*Specialty Ins. Co. v. Scott Homes Multifamily Inc.*, 2015 WL 13566919, at \*1 (D. Ariz. 2015).  Relevant here, "the court . . . must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv).

The subpoena at issue requires Silver to produce four categories of communications and documents: (1) all non-privileged communications related to Plaintiff Charles Kirkland's criminal case, *United States v. Kirkland*, No. 2:23-cr-00005-JHC, (W.D. Wash 2023) (the "Criminal Case"); (2) non-privileged communications between Silver and the Department of Justice ("DOJ"), United States Attorney's Office for the Western District of Washington ("USAO"), and the Internal Revenue Service Criminal Investigations Unit ("IRS-CI") related to the Criminal Case; (3) non-privileged documents and communications received from the USAO during discovery in the Criminal Case; and (4) non-privileged documents and communications provided to the USAO during discovery in the Criminal Case.  (Doc. 23-1 at 7–8.)

Silver argues that it cannot comply with the subpoena because of Arizona's Ethical Rule 1.6 ("ER 1.6"),[2] which prohibits a lawyer from "reveal[ing] information relating to the representation of a client."  (Doc. 23 at 1–2.)  Silver also argues that the subpoena is unduly burdensome and seeks documents and communications that are not relevant.  (*Id.* at 2.)  Each argument is addressed in turn.

"First, any concerns [Silver] has with complying with Ethical Rule 1.6, which requires lawyers to maintain confidentiality unless authorized to disclose by their client, law, or court order, will be resolved by the instructions in this order."  *Chartis Specialty Ins. Co.*,  2015 WL 13566919, at \*1 n.2 (citing ER 1.6(d), which allows attorneys to disclose information when authorized by court order); *see also Corbin v. Unifund CCR Partners,* 2007 WL 9724726, at \*2 (D. Ariz. 2007) (holding that while "ER 1.6 is a valid objection to a production request," it is "not a defense to compulsion by a court order").

---

[2]    Silver did not specify that Arizona's ethical rules apply.  (*See generally*, Doc. 23.)  But Silver Law PLC is an Arizona law firm, and Defendants rely on Arizona's ethical rules and case law in their Response.  (*See e.g.*, Doc. 31 at 5.)  Silver has not objected to or otherwise challenged the application of Arizona law.

- 2 -

To the extent Silver is concerned that the subpoena requires production of privileged communications in violation of Rule 45(d)(3)(A)(iii), that result is foreclosed by the subpoena itself, which only seeks production of *non-privileged* materials. (*See* Doc. 23-1 at 7–8.) Indeed, the subpoena primarily seeks documents and communications exchanged between Silver and the USAO, DOJ, and IRS-CI. (*Id.*) Such materials "obviously are not privileged because they were disclosed to a third party with [the] client's consent." *Chartis Specialty Ins. Co.*, 2015 WL 13566919, at *1 n.2. The only category of communications not defined by exchange with the DOJ, USAO, or IRS-CI, is the request for "all non-privileged communications related to [Kirkland's] criminal case." (Doc. 23-1.) But again, this category is modified by "non-privileged" and thus does not run afoul of Rule 45(d)(3)(A)(iii)'s privileged-communications prong.

Silver next argues that the subpoena imposes an undue burden because it possesses over 30,000 files related to Kirkland's case, and, as a small boutique law firm, Silver does not have the capacity to search the files and screen them for privileged information. (Doc. 23 at 2.) But Silver provides only generalized assertions regarding file volume and resources, which are insufficient to carry its burden under Rule 45(d)(3)(A)(iv). *See Chartis Specialty Ins. Co.*, 2015 WL 13566919, at *1 (stating that on a motion to quash subpoena, movant carries the burden of persuasion). As Defendants point out, running a simple search for communications with the DOJ, USAO, and IRS-CI would gather most, if not all, of the relevant materials. Similarly, discovery exchanged in the case should be readily identifiable. Silver identifies no reason why communications with the USAO, DOJ, and IRS-CI and the discovery productions in the criminal case cannot be located using ordinary search tools and file organization. (*See* Doc. 23 at 2.) Furthermore, there is a protective order in this case, (Doc. 49), which resolves any confidentiality concerns.

Finally, Silver makes conclusory arguments that the subpoena is overbroad and seeks information that is not relevant. (*Id.* at 2.) Regarding relevance, I find that the documents and communications sought fall within Rule 26's broad definition of relevance. Fed. R. Civ. P. 26(b)(1). As Defendants explain, "Bell Bank has alleged affirmative

defenses that Mr. Kirkland misrepresented his financial status . . . at the time the relevant transactions were negotiated and executed," and "the Subpoena seeks non-privileged materials that will reveal what Mr. Kirkland knew, when he knew it," and "what he disclosed (or failed to disclose) to Bell Bank." (Doc. 31 at 2, 5.)

As for overbreadth, I find that the subpoena is appropriately narrowed by limiting Silver's production obligations to the same scope Defendants proposed in the parties' Joint Discovery Dispute Statement and which I will now adopt as the governing scope of both the subpoena and, as set forth in Section II below, the request for production. (Doc. 51 at 1–2, 5–6.) Specifically, Silver shall produce the following non-privileged materials:

> Any substantive communications exchanged between Mr. Kirkland, or Silver Law PLC, and any Department of Justice component (including IRS-CI, U.S. Probation, and Pretrial Services) related to the investigation that led to criminal case no. 23-CR-00005 from the Western District of Washington. These communications include: (1) all communications putting Mr. Kirkland on notice of a criminal investigation, (2) any evidence exchanged between the parties, (3) all communications that discuss the nature of any potential charges and Mr. Kirkland's culpability, and (4) all documents exchanged with any U.S. Probation or Pretrial Services Officer prior to sentencing in June 2023.

For purposes of this Order, "substantive" communications exclude ministerial or purely logistical communications, such as communications limited to scheduling meetings, hearings, or similar events.  To the extent responsive documents are subject to a claim of privilege or work product, Silver may withhold those documents and serve an appropriate privilege log.

**II.    Discovery Dispute 4**

Consistent with the modification to the subpoena, Defendants' request in Discovery Dispute 4 for production of the same category of documents from Plaintiffs will be granted. Contrary to Plaintiffs' arguments regarding relevance and proportionality, I find the requested materials are relevant and that any burden on Plaintiffs is proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1), in which the liquidation of over $15,000,000 of securities is at issue, (Doc. 1 at ¶¶ 27, 37).  Again, if responsive documents are subject to a claim of privilege or work product, Plaintiffs may withhold those documents and serve

an appropriate privilege log.

Accordingly,

**IT IS ORDERED** denying the Objection to Subpoena to Produce Documents, (Doc. 23), and modifying the subpoena to limit Silver Law PLC's production obligations to the non-privileged materials described above.  Silver Law PLC shall have **20 days** from entry of this Order to comply with the Subpoena.

**IT IS FURTHER ORDERED** granting Defendants' request in Discovery Dispute 4, (Doc. 51).  Plaintiffs shall produce all non-privileged documents in their possession, custody, or control that fall within the categories set forth above by no later than **20 days** from entry of this Order.

Dated this 22nd day of May, 2026.

Honorable Sharad H. Desai
United States District Judge