**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolina M Lopez, et al., | No. CV-25-02808-PHX-SHD |
| Plaintiffs, | **ORDER** |
| v. | |
| Bell Bank, et al., | |
| Defendants. | |

At issue is a discovery dispute regarding the location and manner of Plaintiff Charles Kirkland's deposition. Defendants (collectively, "Bell Bank") also move to compel the in-person appearance of Kirkland for trial. (Doc. 34.) Both issues are fully briefed. (Docs. 34, 38, 41.) For the reasons stated below, Plaintiffs' request for a remote deposition and Bell Bank's motion to compel Kirkland's in-person appearance at trial will be **denied.**

I.      **BACKGROUND**

Plaintiffs Carolina Lopez and Charles Kirkland (collectively, "Plaintiffs") bring this action against Bell Bank alleging that it improperly declared their $20 million line of credit to be in default and liquidated over $15 million in pledged securities. (*See* Doc. 1-2 at 75–81.) In 2023, Kirkland pled guilty to multiple criminal charges of tax fraud. (*See* Doc. 34 at 1.) *See also United States v. Kirkland*, No. 2:23-cr-00005-JHC, (W.D. Wash. 2023). A district court in Washington sentenced him to 108 months in prison and ordered him to pay $51 million in restitution. *Kirkland*, No. 2:23-cr-00005-JHC at Doc. 29. Kirkland agreed to self-surrender, but when the time came, he failed to appear. Kirkland's whereabouts

remain unknown, though it is apparent he has fled the country.  (*See* Doc. 38 at 8.)

As a result of Kirkland's restitution obligations, the IRS imposed a levy on Kirkland's accounts with Bell Bank.  (Doc. 34 at 2.)  Plaintiffs allege that Bell Bank conspired with the IRS to delay transfer of certain assets to Kirkland's ex-wife, Plaintiff Carolina Lopez, to satisfy the levy.  (*Id.*)

For its part, Bell Bank maintains that it declared the default because it learned of Kirkland's criminal plea and resulting restitution and denies that it conspired with the IRS. (*Id.* at 1–2.)  "Among its defenses, Bell Bank alleges that Kirkland misrepresented his financial status when obtaining the $20 million line of credit, provided material omissions in documents and communications with Bell Bank, and that he engaged in other misconduct at the time the relevant transactions were negotiated and executed."  (*Id.* at 2.)

The parties are now engaged in discovery.  On February 26, 2026, I held a discovery dispute hearing.  (Doc. 29.)  Relevant here, Bell Bank sought (1) to depose Kirkland in-person in the District of Arizona, and (2) to require Kirkland to appear in-person for trial. Plaintiffs opposed an in-person deposition in Arizona and an in-person appearance for trial because it would likely lead to Kirkland's arrest and incarceration.  They therefore asked that both Kirkland's deposition and any trial testimony be taken remotely.

I directed the parties to file supplemental briefing on these issues and to identify what sanctions, if any, would be appropriate if I ordered Kirkland to appear in-person, and he failed to do so.  (Doc. 30.)  These issues are now fully briefed.  (Docs. 34, 38, 41.) On March 16, 2026, Bell Bank filed a Notice of Supplemental Authority, which contains a recent decision from the Superior Court of Arizona denying Kirkland's request for a remote deposition in another case against KS Statebank Corporation in which Kirkland is a cross-claimant.  (Doc. 58.)  The same day, Plaintiffs filed their own Notice of Supplemental Authority. (Doc. 59.)  Plaintiffs' notice includes a July 2024 order issued by the state court in this action before it was removed to federal court.  (*Id.*)  That order permitted Kirkland to attend his deposition virtually.  (*Id.*)

## II.    LEGAL STANDARD

### A.    Remote Depositions

Under Rule 30(b)(4) "the parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."  Fed. R. Civ. P. 30(b)(4).  Rule 30(b)(4) does not provide a standard for granting remote depositions.  *Amini v. County of Ventura*, 2024 WL 7055014, at *1 (C.D. Cal. 2024).  But when a party seeks relief from its discovery obligations, the party generally must move for a protective order under Rule 26(c)(1).  Fed. R. Civ. P. 26(c)(1); *cf. Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008) ("Ordinarily, the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order." (quotation marks omitted)).  Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).

District courts have broad discretion to determine the time, place, and manner of depositions.  *Duvall v. Arizona Dep't of Child Safety*, 2021 WL 6063530, at *1 (D. Ariz. 2021).  Generally, a plaintiff must submit to a deposition "in the forum in which he brought suit."  *Smartwings, A.S. v. Boeing Co.*, 2023 WL 3075698, at *1 (W.D. Wash. 2023) (quotation marks omitted); *see also Duvall*, 2021 WL 6063530, at *1.  This rule "permits predictability in prospective litigation and pragmatically permits the trial court to resolve disputes which may take place during the course of depositions without undue expenditure of time."  *Music Grp. Macao Comm. Offshore Ltd. v. Foote*, 2015 WL 13423886, at *1 (N.D. Cal. 2015) (quotation marks omitted).  But if a plaintiff demonstrates "good cause" under Rule 26(c)(1), courts may order that the deposition occur in a more convenient location or by remote means.  *See Duvall*, 2021 WL 6063530, at *1–2 (declining to grant a request for deposition by video conference where the plaintiff did not show good cause).  To demonstrate good cause, a plaintiff must show that "specific prejudice or harm will result if no protective order is granted."  *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also Fenerjian v. Nong Shim Co., Ltd.*, 2016

WL 1019669, at *2 (N.D. Cal. 2016) ("To overcome the presumption that a plaintiff's deposition shall take place in the district in which the plaintiff filed suit, the plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." (quotation marks omitted)).

"Good cause" requires a "particular and specific demonstration of fact." *Smartwings*, 2023 WL 3075698, at *1. "[S]tereotypical and conclusory statements" will not suffice. *Id.*; *see Est. of Beitz v. Riverside Police Dep't*, 2025 WL 3691880, at *2 (C.D. Cal. 2025) (declining to grant remote deposition where plaintiff did not provide any specific evidence of her conclusory statements that she could not afford to travel to the forum for her deposition).

Some district courts in this Circuit apply a "legitimate reason" test rather than the "good cause" standard outlined in Rule 26(c)(1). *See e.g.*, *Amini*, 2024 WL 7055014, at *2; *United States v. Li*, 2013 WL 6729895, at *3 (D. Ariz. 2013). That test requires that the party "seeking to take a deposition by video-teleconferencing . . . establish a legitimate reason for its motion." *Li*, 2013 WL 6729895, at *3. If a legitimate reason is established, the burden shifts to the opposing party to make a "particularized showing of prejudice." *Amini*, 2024 WL 7055014, at *2 (quotation marks omitted). Under both the legitimate reason and good cause tests, the burden rests initially with the party seeking a remote deposition, to show why the deposition should not occur in person.

To the extent there is some daylight between the legitimate reason test and the good cause standard, I apply the good cause standard for two reasons. First, neither party has raised the legitimate reason test, and Plaintiffs do not contest that they must show "good cause" to obtain a remote deposition. (Doc. 34 (Bell Bank arguing that Plaintiffs must show good cause); Doc. 38 (Plaintiffs failing to contest they must show good cause).) Second, the legitimate reason test is not found in the text of the Federal Rules and originates in district courts outside this Circuit. *See, e.g.*, *Li*, 2013 WL 6729895, at *3 (citing *Brown v. Carr,* 253 F.R.D. 410, 412 (S.D. Tex. 2008), *Brown v. Carr,* 236 F.R.D. 311, 312 (S.D. Tex. 2006), and *Cressler v. Neuenschwander,* 170 F.R.D. 20, 21 (D. Kan. 1996)); *see also*

- 4 -

*Jahr v. IU Intern. Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986).  In contrast, the good cause standard is pulled directly from the text of Rule 26(c), and Plaintiffs' request—which seeks an order protecting them from the prejudicial effect of the regular course of discovery—falls squarely within the ambit of that Rule.  *See* Fed. R. Civ. P. 26(c)(1).  I will therefore apply the "good cause" standard to this dispute, though, for the reasons stated below, Plaintiffs' request fails under either standard.

Finally, district courts must always consider the first rule of civil procedure, which instructs courts to construe and administer the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

### B.    In-Person Appearance at Trial

The standard for remote testimony at trial is more demanding than Rule 26(c)(1)'s good cause standard.  Federal Rule of Civil Procedure 43 requires that witnesses testify "in open court."  Fed. R. Civ. P. 43(a).  Remote testimony is permitted only "[f]or good cause in compelling circumstances and with appropriate safeguards."  *Id.*  "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place."  Fed. R. Civ. P. 43(a), advisory committee's note to the 1996 amendment.  "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances."  *Id.*  Thus, "remote testimony is the exception, and live, in-person testimony is strongly preferred."  *In re Kirkland*, 75 F.4th 1030, 1043–44 (9th Cir. 2023).

## III.    DISCUSSION

### A.    Kirkland's Deposition

Plaintiffs assert that Kirkland's deposition should be held remotely because (1) Kirkland is a fugitive and will be arrested if he returns to the United States, (2) an order directing Kirkland to appear in-person is a de facto dismissal because of Kirkland's fugitive status and thus, violates the fugitive disentitlement doctrine, (3) there is a general

presumption that defendants are deposed where they reside, and Kirkland resides in a foreign country, and (4) Kirkland does not have a passport and cannot legally re-enter the United States. (*See* Doc. 38.) Each argument will be addressed in turn.

### 1. Kirkland's Fugitive Status

Kirkland's fugitive status cannot constitute "good cause" under Rule 26(c)(1). *See SEC v. Banc de Binary*, 2014 WL 1030862, at *9 (D. Nev. 2014) (holding that "potential criminal liability" could not inform the court's analysis of whether a deposition should take place in the United States). "It would be inappropriate for this Court to act as prosecutor and order [Kirkland] to be deposed [in-person] as a means of apprehending him." *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 551 (S.D.N.Y. 1989). "By the same token, it would be anomalous" if Kirkland's fugitive status gave him "an advantage in this civil litigation by being considered as a factor making it 'inconvenient' for him to appear here for deposition." *Id.* at 551–52; *see also Banc de Binary*, 2014 WL 1030862, at *9. Accordingly, I will not consider Kirkland's fugitive status in determining whether a remote deposition is appropriate.

### 2. The Fugitive Disentitlement Doctrine

Plaintiffs' invocation of the fugitive disentitlement doctrine constitutes the bulk of their argument, (*see* Doc. 38 at 2–8), but it is premature. The fugitive disentitlement doctrine holds that, in limited circumstances, a civil action may be dismissed because "the party seeking relief is a fugitive while the matter is pending." *Degen v. United States*, 517 U.S. 820, 824–25 (1996); *Paris v. Brown*, 154 F.4th 663, 667 (9th Cir. 2025) ("Though 'exceptionally harsh' and disfavored in civil cases, federal courts can invoke [the fugitive disentitlement] doctrine to dismiss actions brought by fugitives from justice so long as dismissal is 'necessary' to promote the doctrine's policy rationales.").

Plaintiffs' argument that the fugitive disentitlement doctrine precludes an order directing Kirkland to appear in-person rests on a series of events that have yet to occur: first, I must issue an order directing an in-person deposition; second, Kirkland must fail to appear for his deposition; and third, Bell Bank must move to dismiss the case because

Kirkland failed to appear.  None of these events have occurred, nor is it certain that they will.  Kirkland may, for example, decide to comply with a court order directing him to appear in person, though this result is admittedly unlikely.  Even assuming Kirkland does not appear, there are other sanctions short of dismissal that Bell Bank might seek, or that I might order, including:

>    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>    (iii) striking pleadings in whole or in part; and
>
>    (iv) staying further proceedings until the order is obeyed.

Fed. R. Civ. P. 37(b)(2)(A).

Further still, it is not clear that dismissal for failure to appear at a deposition, rather than for being a fugitive, implicates the fugitive disentitlement doctrine.  *See Degen*, 517 U.S. at 827 ("If [a fugitive's] unwillingness to appear in person results in non-compliance with a legitimate order of the court respecting pleading, discovery, the presentation of evidence, or other matters, he will be exposed to the same sanctions as any other uncooperative party."); *Banks v. City of San Bernardino*, 201 F.3d 443, 443 (9th Cir. 1999) (declining to extend the fugitive disentitlement doctrine "to bar fugitives from pursuing civil cases generally," but noting that a plaintiff "is not entitled to ignore discovery requests in order to evade an outstanding warrant").  Regardless, dismissal of this case is not at issue here, and Kirkland's fugitive disentitlement argument is therefore premature.

### 3. Kirkland's Legal Residence

Plaintiffs next argue that defendants are generally deposed where they legally reside, and that, because he resides in an unidentified foreign country, he should be granted a remote deposition.[1]  (Doc. 38 at 9 (citing *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427,

---

[1]    In passing, Plaintiffs indicate that they would be open to an in-person deposition in Europe.  (Doc. 38 at 11.)  Bell Bank has not stated a position on this issue.  (*See* Docs. 34, 41.)  I do not address whether it would be appropriate to conduct the deposition abroad

429 (N.D. Cal. 2008) for the proposition that "there is a general presumption that the deposition of a defendant should be conducted in the district of his residence.").  This argument fails for one obvious reason: Kirkland is a plaintiff in this suit, not a defendant.  And the presumption for *plaintiffs* is that they are deposed in the forum where they brought suit, not in their place of residence.  *Duvall*, 2021 WL 6063530, at *1.  Plaintiffs contend they were "dragged into this forum from Arizona Superior Court" and thus the usual presumption does not apply.  (Doc. 38 at 9.)  But Plaintiffs chose to file suit in Arizona; removal did not change the forum state.  Having invoked Arizona as the forum, they should expect to appear here for depositions.  Thus, even assuming Kirkland is now a legal resident of a foreign country, this argument fails.

### 4.    Kirkland's Passport

Next, Plaintiffs assert that Kirkland "does not have a U.S. Passport" and "therefore cannot legally enter the country."  (Doc. 38 at 2.)  As an initial matter, this is not a meaningful impediment to returning to the United States.  A lost passport can be replaced. U.S. Dep't of State, *Lost or Stolen Passport Abroad*, https://perma.cc/SAH6-N2LB, (last visited July 7, 2026).  The only reason Kirkland cannot get a replacement passport is because he is a fugitive.  (Doc. 38 at 4 ("Mr. Kirkland cannot legally enter the country without getting a new passport, and doing so would subject him to arrest at the local American Embassy.").)  Regardless, Plaintiffs fail to present a "particular and specific demonstration of fact" that Kirkland cannot legally enter the country, relying instead on two conclusory statements that Kirkland does not have a passport.  *See Smartwings*, 2023 WL 3075698, at *1 (quotation marks omitted).  Plaintiffs' counsel's unsubstantiated and vague remarks are insufficient to establish "good cause" under Rule 26(c)(1).  *See Estate of Beitz*, 2025 WL 3691880, at *2; *see also Mill-Run Tours*, 124 F.R.D. at 551 (giving little

---

because it is not properly before me.  *See* Fed. R. Civ. P. 28(b) (outlining the requirements for depositions in foreign countries); *see also Banc de Binary*, 2014 WL 1030862 at *4 (declining to order foreign deposition because the parties failed to address the requirements of Rule 28(b)).  The parties remain free to stipulate to an in-person deposition in another country.

weight to attorney's conclusory statements in briefing because the defendants "failed to provide affidavits demonstrating in any detail" that they would be inconvenienced by a New York deposition).

### 5.    Supplemental Notice Materials

I have considered the Supplemental Notices filed by both parties, (Docs. 58, 59) and this order is consistent with them.  The *KS Statebank* decision submitted by Bell Bank supports my conclusions and largely mirrors my analysis, though it applies the Arizona Rules rather than the Federal Rules.  (*See* Doc. 59-1.)  As for Plaintiffs' Supplemental Notice, they assert that, under 28 U.S.C. § 1450, the order issued by the state court before removal allowing Kirkland to appear remotely is binding.  However, that statute makes clear that "all injunctions, orders, and other proceedings had [in state court] prior to [the case's] removal . . . remain in full force and effect *until dissolved or modified by the district court*."  28 U.S.C. § 1450 (emphasis added).  It is well within my authority to dissolve or modify the state court's prior ruling based on my interpretation of the Federal Rules of Civil Procedure that now govern this action.  *See Moxley v. Orozco*, 2021 WL 308889, at *3 (D. Ariz. 2021) ("The district court's jurisdiction to review [prior state court] judgments is further evidenced by 28 U.S.C. Section 1450, which authorizes district courts to dissolve or modify state court orders entered prior to removal." (quotation marks omitted)).

### 6.    Federal Rule of Civil Procedure 1

Finally, I consider my obligations under Rule 1.  An in-person deposition is undoubtedly more expensive and cumbersome than remote testimony given Kirkland's present residence in a foreign country.  It may seem inefficient—even futile—to order Kirkland to appear in person when he almost certainly will not comply.  Should he fail to appear, motions to compel and for sanctions will inevitably follow, which will require significant time, money, and resources to dispatch.  But the interests of efficiency cannot overcome Kirkland's failure to demonstrate good cause.  More importantly, I will not refrain from issuing an order that is otherwise appropriate, simply because Kirkland assures me that he has no intention of complying with it.

At bottom, Kirkland argues that a remote deposition is appropriate because he is a fugitive and does not have a passport.  His fugitive status is irrelevant to the analysis.  As for his absent passport, it is both unsubstantiated and unclear why, but for his fugitive status, he could not obtain a replacement.  Kirkland does not argue that he lacks the financial resources to travel to Arizona—where he chose to file suit—or that he is unable to travel for some reason unrelated to his fugitive status.[2]  Kirkland's request for a remote deposition fails.[3]

### B.   Kirkland's Appearance at Trial

Bell Bank also moves to compel Kirkland's appearance at trial, and Plaintiffs request that he be permitted to testify remotely.  This dispute is premature.  The parties are still in the midst of discovery, and the dispositive motion deadline has not passed.  It is still possible this case will not proceed to trial.  The motion to compel in-person trial testimony will therefore be denied as premature.

### IV.   CONCLUSION

For the reasons stated above, Plaintiffs have failed to demonstrate good cause under Rule 26(c)(1).  Kirkland will therefore be directed to appear in person for his deposition.  Because the motion to compel Kirkland's in-person appearance at trial is premature, it will be denied.

---

[2]   Kirkland also fails to address the prejudice to Bell Bank should he testify remotely. He is a central witness in this case and, as the pending order to show cause demonstrates, (Docs. 69, 73, 74), his deposition testimony is likely to be highly controversial. "Videoconference depositions are not suitable for such controversial situations." *Nat.- Immunogenics Corp. v. Newport Trial Grp.,* 2017 WL 10562990, at *6 (C.D. Cal. Aug. 14, 2017).

[3]   Kirkland's fugitive status and absent passport are likewise insufficient to establish a "legitimate reason" to allow a remote deposition. *Jones v. Target Corp.*, 2026 WL 642027, at *7 (D. Or. Feb. 18, 2026) (noting that "vague assertions of medical treatment" without "any declaration or other evidence providing details, or even basic information, about [the plaintiff's] circumstances," "do not qualify as a legitimate reason for a remote deposition").

Accordingly,

**IT IS ORDERED** directing that Plaintiff Charles Kirkland appear in person in Arizona for his deposition at a date, time, and place noticed by Bell Bank, absent a contrary stipulation of the parties.

**IT IS FURTHER ORDERED** denying Bell Bank's motion to compel Kirkland's in-person testimony at trial (Doc. 34) as premature.

Dated this 7th day of July, 2026.

_____
Honorable Sharad H. Desai
United States District Judge